IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| THE HOPI TRIBE, a federally recognized Indian Tribe,<br><br>                        Plaintiff,<br><br>vs.<br><br>THE UNITED STATES<br><br>                        Defendant. | CASE NO. 12 - 45 L<br><br>**COMPLAINT** |

Plaintiff, the Hopi Tribe, a federally recognized Indian Tribe, by and through undersigned counsel, for its Complaint against the United States, acting here through the Bureau of Indian Affairs ("BIA"), states and alleges as follows:

1. This is a civil action brought by the Hopi Tribe pursuant to the Indian Tucker Act (Title 28 U.S.C. § 1505) for the damages the Hopi Tribe has and will incur as a result of the United States' failure to provide the Tribe with an adequate source of drinking water.

2. Pursuant to federal law and the Executive Order, as ratified by the Act of July 22, 1958, which established the Hopi Reservation, the United States is under an obligation to provide the Hopi Tribe with sufficient water to fulfill the purpose of the Reservation.

3. The existing water supply available to the Hopi Villages on the eastern part of the Hopi Reservation contains contamination that exceeds the maximum contaminant levels for drinking water as prescribed by federal regulations and requirements. Therefore, the current water supply is inadequate to fulfill the purposes of the Hopi Reservation.

4. Because of the United States' failure to provide the Hopi Tribe with a sufficient water supply, the Tribe has and will suffer damages, including but not limited to costs expended to provide the Affected Villages with an alternative water supply. These costs are the result of

the United States' failure to provide sufficient and adequate water to the Hopi Reservation and therefore should be borne by the United States pursuant to its statutory and treaty obligations.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under the Indian Tucker Act, Title 28 U.S.C. § 1505 which provides the United States Court of Federal Claims with jurisdiction to render judgment upon any claim against the United States in favor of any Tribe founded either upon the Constitution, laws or treaties of the United States.

6. This claim is brought pursuant to the Hopi Tribe's rights under the Executive Order of 1882, as ratified by the Act of July 22, 1958, 72 Stat. 403, which established the Hopi Reservation.

7. This claim is for money damages in an amount more than $10,000.

8. The Supreme Court has held that by giving this court "jurisdiction over specified types of claims against the United States, the Tucker Act constitutes a waiver of sovereign immunity with respect to those claims." United States v. Mitchell, 463 U.S. 206, 212 (1983).

## PARTIES

9. Plaintiff, the Hopi Tribe, is a federally recognized Indian Tribe, recognized by the United States as a sovereign Indian Tribe with legal rights and responsibilities. The United States Department of the Interior Office of Indian Affairs approved the Constitution and By-Laws of the Hopi Tribe on December 19, 1936, and as amended on August 1, 1969, February 14, 1980, and December 7, 1993. The Hopi Tribal Council is located at 1 Main Street, Kykotsmovi Village, Arizona 86039.

10. Defendant is the United States, acting here through the Bureau of Indian Affairs ("BIA").

## FACTS

11. The Hopi Reservation consists of approximately 1,542,306 acres, located in Coconino and Navajo Counties, in Northeastern Arizona.

12. The Hopi Reservation was established by executive order in 1882 (the "Executive Order"). Congress ratified the Executive Order with the Act of July 22, 1958, 72 Stat. 403. In Healing v. Jones, 210 F. Supp. 125, 132 (D. Ariz. 1962), pursuant to the authority provided by the Act of July 22, 1958, the court established the boundaries of the Reservation for the areas of the Reservation that are at issue in this proceeding.

13. The Hopi Tribe has the exclusive rights to the use and occupancy of the Reservation and, in accord with the intent of the Executive Order, has established it as the homeland for the Tribe.

14. The arid reservation land is uninhabitable without water and accordingly, as part of the Reservation, the United States provided the Tribe with a right to a sufficient amount of water necessary to fulfill the purposes of the Reservation.

15. The Environmental Protection Agency ("EPA") has established drinking water regulations that require water used for human consumption to meet prescribed drinking water standards. EPA has established legally enforceable standards for public water systems that protect the public health by limiting allowable levels of contaminants in drinking water.

16. Effective January 23, 2006, EPA lowered the arsenic maximum contaminant level ("MCL") specified at 40 C.F.R. § 141.62(b) to 10 micrograms per liter (μg/L). 40 C.F.R. § 141.6(j).

17. This claim is limited to public water systems serving Hopi Villages on the eastern portion of the Reservation. These communities include Mishongnovi (consisting of Upper

Sipaulovi and Upper Mishongnovi), Polacca, Sipaulovi (consisting of Lower Sipaulovi and Lower Mishongnovi), Shungopavi, and BIA Keams Canyon (collectively, the "Affected Villages").

18.  The water supply for the Affected Villages has consistently contained arsenic at levels exceeding the arsenic MCL.  These exceedances range from twice the limit to almost five times the limit.

19.  Prolonged exposure to arsenic contamination causes bladder, lung and skin cancer, and may cause kidney and liver cancer.  Arsenic harms the central and peripheral nervous systems, as well as heart and blood vessels, and causes serious skin problems.  Arsenic may also cause birth defects and reproductive problems.

20.  The contaminated water is the only source of drinking water for Tribe Members living in the Affected Villages.

21.  The level of arsenic present in the drinking water supply for the Affected Villages does not meet the minimum standards necessary for drinking water and, therefore, is insufficient to accomplish the purpose of the Reservation.

22.  As a result of the United States' failure to provide sufficient and adequate water to the Hopi Reservation, the Hopi Tribe has and will sustain damages, including but not limited to expenses for providing an alternative supply of water for the Affected Villages.

## CLAIM FOR RELIEF:  VIOLATION OF THE UNITED STATES' OBLIGATIONS TO PROVIDE THE HOPI RESERVATION WITH SUFFICIENT WATER TO FULFILL THE PURPOSE OF THE RESERVATION

23.  Plaintiff repeats and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 22, as though fully set forth herein.

24. The Indian Tucker Act provides a cause of action for a claim arising under the Constitution, laws or treaties of the United States or one that would otherwise be cognizable in the Court of Federal Claims if the claimant were not an Indian Tribe. Title 28 U.S.C. § 1505.

25. It is under the Tucker and Indian Tucker Acts that federal courts have considered claims based on violations of treaties with Indian Tribes. Skokomish Indian Tribe v. United States, 410 F.3d 506, 511 (9th Cir. 2005); United States v. Mitchell, 463 U.S. 206, 208 (1983).

26. When the United States established Indian Reservations, the Tribes and the United States implicitly reserved, along with the land, sufficient water to fulfill the purposes of the reservation. Winters v. United States, 207 U.S. 564, 576-77 (1908) (the "Winters Doctrine"); Cappaert v. United States, 426 U.S. 128, 138 (1976).

27. The purpose of the Hopi Reservation was to establish a permanent homeland for the use and occupancy of the Hopi Tribe.

28. The Executive Order, as ratified by Congress, created property rights on behalf of the Tribe. Skokomish Indian Tribe v. United States, 332 F.3d 551, 558 (9th Cir. 2003).

29. "Where a trust relationship exists, 'the trustee has a duty to protect the trust property against damage or destruction. He is obligated to the beneficiary to do all acts necessary for the preservation of the trust res which would be performed by a reasonably prudent man employing his own like property for purposes similar to those of the trust." Fort Mojave Indian Tribe v. United States, 23 Cl.Ct. 417, 426 (1991) (quoting G. Bogert, The Law of Trusts and Trustees § 582 (2d. ed. Revised 1980)); Restatement (Second) of Trusts § 176 (1959).

30. "Where a trust exists with respect to a defined res, the trustee is charged with taking appropriate steps to preserve that res." Fort Mojave Indian Tribe, 23 Cl.Ct. at 426.

31. The right to a certain quantity of water necessary to fulfill the purposes of the reservation is inseparable from a right to a sufficient quality of water as well. United States v. Gila Valley Irrigation District, 920 F. Supp. 1444, 1445 (D. Ariz. 1996), aff'd, 117 F.3d 425 (9th Cir. 1997).

32. The water supply constitutes the trust property, or the res, which the government, as trustee, has a duty to "do all acts necessary," namely take necessary action to provide the Tribe with a water supply that is of sufficient quality to be used for drinking water.

33. The United States has failed to provide the Hopi Reservation with a sufficient quantity and quality of water necessary to maintain the Reservation as a permanent homeland for the Hopi Tribe, and because of the United States' failure the Hopi Tribe has suffered and will continue to suffer damages.

## **REQUEST FOR RELIEF**

WHEREFORE, the Hopi Tribe respectfully requests that this Court sustain the Tribe's Complaint and enter Orders providing for:

1. An award of damages to the Hopi Tribe sufficient to compensate for expenses incurred and to be incurred to provide a permanent alternative source of drinking water for the Reservation that meets Federal EPA MCLs and is otherwise safe for human consumption (such damages are currently estimated at $20 Million);

2. An award of damages to the Hopi Tribe sufficient to compensate for expenses incurred and to be incurred in providing for temporary drinking water treatment for the Affected Villages while a more permanent water supply is being constructed;

3. A declaratory judgment that the United States is responsible for (1) the costs of providing a supply of water to the Hopi Tribe that meets Federal EPA MCLs and is otherwise

6

safe for human consumption, and (2) the costs to provide for temporary drinking water treatment for the Affected Villages while a permanent solution is completed; and

4. Award the Hopi Tribe such other and further relief as the Court may deem just and proper under the circumstances of this case.

Respectfully submitted,

HUNSUCKER GOODSTEIN & NELSON PC

By: _____
Michael D. Goodstein
Stacey H. Myers
5335 Wisconsin Avenue, NW Suite 360
Washington, DC 20015
Tel: (202) 895-5380
Facsimile: (202) 895-5390

**Of Counsel:**
**ROBERT J. LYTTLE, Esq.**
**Hopi Tribe General Counsel**
P.O. Box 1189
Carefree, AZ 85337

*Attorneys for Plaintiff*